sea by vessels of ten or more tons burden. These courts are also vested with exclusive original cognizance of all seizures on land, or other waters than as aforesaid. Section 9, Act Sept. 24, 1789 (1 Stat. 73). The same section reserves to suitors the right of a common law remedy, where the common law is competent to give it; and also provides "that the trial of issues of fact in the district courts in all causes, except civil causes of admiralty and maritime jurisdiction, shall be by jury."

It is obvious that in this legislation congress had in view the distinction between cases of proper admiralty jurisdiction and cases of seizure on land, or on water-courses, not properly within the scope of that jurisdiction. And in the latter class of cases, jurisdiction is vested in the district courts, not because they are courts of admiralty, but because they are courts created under the constitution. But in confining this jurisdiction, the statute is careful to reserve to suitors the right of trial by jury, in all cases of seizures which are not of admiralty cognizance. Now the cases before the court arise under section 68 of the act of June 30, 1864, which imposes the penalty of a forfeiture for any refusal or neglect to comply with the law regulating the duties payable by the distiller of spirits. By such neglect or refusal, not only the vessels and machinery used in distillation, but the liquor manufactured, are subject to forfeiture. And at the close of the section it is provided, that "the proceedings to enforce said forfeiture of said property shall be in the nature of a proceeding in rem, in the circuit or district courts of the United States for the district where such seizure is made, or in any court of competent jurisdiction."

It is so clear as scarcely to need a word of argument, that congress have not conferred, and did not intend to confer, on the courts named, admiralty jurisdiction in the sense of requiring that cases arising under section 68 should be tried as cases of strict admiralty jurisdiction. It would be an impeachment of the intelligence of that body to suppose they intended a seizure on land should be considered as one within the scope of such jurisdiction. In declaring that the proceedings should be in the nature of a proceeding in rem, nothing more was intended than to provide for a summary and effective mode of enforcing the act of congress. The thing—the property subject to forfeiture is to be seized and held in possession subject to the action of the court. And this for the obvious reason, that a proceeding against the person merely would not give an available remedy for a fraudulent attempt to evade the law. It is true the right to a forfeiture of the property in question is set forth in the form of a libel, a term used as appropriate to proceedings in admiralty. But this can not change the character of the suit, nor bring the subject of it within the range of the admiralty jurisdiction of this court. It might as well have been presented by a petition or declaration, or any other convenient mode. The sole question is, are the facts such as to show that the party proceeded against has a right to a trial by jury. And on this subject, the case of Parsons v. Bedford, 3 Pet. [28 U. S.] 433, is an authority in point. The opinion of the supreme court of the United States in that case was prepared by the learned Judge Story, in which he holds: "That the amendment to the constitution of the United States, by which the trial by jury was secured, may, in a just sense, be well construed to embrace all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form they may assume to settle legal rights." To the same effect is the decision of the supreme court in the case of The Sarah, 8 Wheat. [21 U. S.] 391. It was a case prosecuted for a forfeiture under the revenue laws of the United States then in force. Although the property seized was a ship, it appears the seizure was made on land. And the court say: "In cases of seizure on land under the revenue laws, the district court proceeds as a court of common law, according to the course of exchequer informations in rem; and the trial of issues of fact is to be by jury." [U. S. v. Four Hundred and Twenty-two Casks of Wine] 1 Pet. [26 U. S.] 547.

The motion for a jury is granted.

---

## Case No. 15,939.

UNITED STATES v. ONE HUNDRED AND THIRTY-SEVEN BALES OF COTTON.

[See Case No. 15,689.]

---

## Case No. 15,940.

UNITED STATES v. ONE HUNDRED AND THIRTY-THREE CASKS OF DISTILLED SPIRITS.

UNITED STATES v. TWO PACKAGES OF DISTILLED SPIRITS.

[1 Sawy. 188;[1] 11 Int. Rev. Rec. 191.]

District Court, D. California. June 7, 1870.

INTERNAL REVENUE—WHOLESALE LIQUOR DEALER —FORFEITURE.

1. The knowing and willful omission, neglect and refusal of the wholesale liquor dealer to cause packages of distilled spirits to be gauged, inspected and stamped, as required by section 25 of the act of July 20, 1868 [15 Stat. 136], expose the distilled spirits and liquors owned by the wholesale liquor dealer to the forfeiture denounced in the 96th section of the act.

[Cited in U. S. v. Four Thousand Eight Hundred Gallons of Spirits, Case No. 15,153; U. S. v. One Thousand Four Hundred and Twelve Gallons of Distilled Spirits, Id.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]